UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number:  14-23869-CIV-MORENO

MARCO ALONSO, on his own behalf and those
similarly situated,

      Plaintiff,

vs.

OCEAN  CC,  LLC,  and  DAVIDE
GULGLIELMINI,

      Defendant.
_____/

## ORDER DENYING DEFENDANT GULGIELMINI'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Davide Gulgielmini's Motion to

Dismiss the Complaint for Lack of Personal Jurisdiction **(D.E. No. 21)**, filed on **January 7, 2015**.

THE COURT has considered the motion, the response in opposition, the reply, the pertinent

portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.  It is uncontradicted, and the Return of Service

**(D.E. No. 15)** shows, that Defendant Gulgielmini was properly served with process while he was

physically present in the State of Florida.  This is sufficient for the Court to assert personal

jurisdiction over him regardless of the reasons why he was present. *See Burnham v. Superior Ct.*

*of Ca., Cty. of Marin*, 495 U.S. 604, 619 (1990) ("The short of the matter is that jurisdiction based

on physical presence alone constitutes due process because it is one of the continuing traditions of

our legal system that define the due process standard of 'traditional notions of fair play and

substantial justice.'"); *Xena Invs., Ltd. v. Magnum Fund Mgmt. Ltd.*, 726 F.3d 1278, 1284 (11th Cir.

2013) ("[T]he record reflects that Xena submitted evidence that it had established personal jurisdiction over Dion under Florida's transient jurisdiction rule, which is the exercise of jurisdiction based solely on a non-resident when the non-resident is properly served with service of process while voluntarily present in the state.") (quotation omitted) (brackets omitted); *Garrett v. Garrett*, 668 So. 2d 991, 994 (Fla. 1996) ("Florida courts have personal jurisdiction over a nonresident defendant when that nonresident defendant is properly served with service of process while that nonresident defendant is voluntarily present in Florida.") (Wells, J. concurring).

Whether the Plaintiff successfully stated a claim against Defendant Gulglielmini will be the subject of a different order.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of March, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record