UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-23869-CIV-MORENO

MARCO ALONSO,

      Plaintiff,

vs.

OCEAN CC, LLC, and DAVIDE GULGLIELMINI,

      Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiff filed a class action complaint alleging violations of the Fair Labor Standards Act and the Florida Constitution. Defendants have moved to dismiss arguing the complaint fails to state a cause of action for overtime violations and improper tip pooling. Defendants have also moved to dismiss the state law claim citing the Plaintiff's failure to comply with the statutory notice requirement. This Court agrees with Defendants' arguments and dismisses the case without prejudice. Because the Court finds the complaint's defects are curable, the Court grants Plaintiff leave to amend the complaint by April 15, 2015.

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss **(D.E. No. 14)**, filed on **December 9, 2014**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED and the case is DISMISSED without prejudice. Plaintiff may file an amended complaint by no later than April 15, 2015. Failure to do so will result

in the Court closing the case.

## I. Background

Plaintiff, Marco Alonso, filed a class action complaint under the Fair Labor Standards Act for willful failure to pay overtime compensation and failure to pay minimum wage. He also filed a minimum wage claim under the Florida Constitution Art. X. Plaintiff is filing this case on behalf of himself and other server employees who worked for Defendants.

In his class action complaint, Plaintiff alleges that he began working as a non-exempt server in December 2013. From December 2013 to April 2014, Plaintiff alleges Defendants did not pay him for overtime work in excess of 40 hours per week and the minimum wage. Plaintiff also alleges Defendants took the Plaintiff's tip-credit and impermissibly retained a portion of all the servers' tips. Plaintiff also alleges Defendants paid a portion of the servers' tips to non-tipped employees. Defendants have moved to dismiss under Federal Rule 12(b)(6).

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above

the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

### III. Analysis

A. FLSA Overtime Claim

To state a claim for failure to pay overtime under FLSA, "an employee must demonstrate: (1) an employment relationship; (2) that the employer engaged in interstate commerce; and (3) that the employee worked over forty hours per week but was not paid overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't Inc.*, 841 F. Supp. 2d 1274, 1277 (S.D. Fla. 2012) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008)). To adequately state a FLSA claim, the complaint must demonstrate "as a matter of just and reasonable inference the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA." *Ekokotu v. Fed. Express Corp.*, 408 Fed. App'x. 331, 340 (11th Cir. 2011).

In this case, Plaintiff alleges that from December 2013 to April 2014, he was employed by Defendants as a server. He alleges he worked in excess of 40 hours per week and was not paid overtime. He does not articulate "the amount and extent" of his unpaid overtime work and does not identify any particular weeks in which he worked overtime. Without more than a formulaic recitation of the elements of the cause of action, the Court cannot allow Count I for FLSA overtime to proceed. Accordingly, this claim is dismissed without prejudice.

B. FLSA Minimum Wage Claim

Plaintiff's claim for minimum wage is based on Defendants' improper pooling of tips. In *Frebes v. Mask Restaurants, LLC*, No. 13-CV-3473, 2013 WL 5290051, at *3 (N.D. Ill. Sept. 28,

2013), the district court found Plaintiff's allegations that servers at a restaurant were forced to share tips with food runners insufficient to state a claim. The *Frebes* complaint lacked any facts to show how a tip-pooling arrangement operated and lacked facts to support that food runners should not have been included in a tip pool.

In this complaint, the Plaintiff has similarly failed to sufficiently plead a tip pooling arrangement that would violate the FLSA minimum wage provision. The complaint simply alleges that Defendants impermissibly retained a portion of all the servers' tips and shared them with non-tipped employees. It does not identify a specific group with whom the servers had to share tips or explain why those employees were ineligible for tips. The Court finds the allegations insufficient to meet the *Twombly* standard and dismisses Count II without prejudice.

C. State Law Claim

Florida law requires that an employee provide written notice to an employer of his or her intent to sue that employer. Fla. Stat. § 448.110(6)(a). The Florida Minimum Wage Act states, in part, that:

> prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

*Dominguez v. Design by Nature Corp.*, No. 08-20858-CIV-O'SULLIVAN, 2008 WL 4426721, at *1-2 (S.D. Fla. Sept. 25, 2008). Plaintiff attempts to circumvent the notice requirement by claiming that his claims are under the Florida Constitution Art. X, § 24.

Florida courts have repeatedly recognized that the Florida Minimum Wage Act, not the

Florida Constitution, is the proper vehicle for bringing this claim. The Florida Supreme Court has explained that "where there is a self-executing constitutional cause of action, 'the Legislature may provide additional law addressing a self-executing constitutional scheme assuming that such laws supplement, protect, or further the availability of the constitutionally conferred right.'" *Garcia-Celestino v. Ruiz Harvesting, Inc.*, No. 10-CV-542-FTM, 2013 WL 3816730 (M.D. Fla. July 22, 2013) (quoting *Browning v. Fla. Hometown Democracy, Inc., PAC*, 29 So. 3d 1053, 1064 (Fla. 2010)); *Resnick v. Oppenheimer & Co. Inc.*, No. 07-80609-CIV, 2008 WL 113665, at *2 (S.D. Fla. Jan. 8, 2008). This Court agrees and dismisses Plaintiff's claim under state law without prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of April, 2015.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record