UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-23869-FAM

MARCO ALONSO, on his own behalf
and those similarly situated,

    Plaintiff,

v.

OCEAN CC, LLC, a Florida Limited Liability Company
and DAVIDE GULGLIELMINI, individually,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Ocean CC, LLC ("Ocean CC") and Davide Gulglielmini ("Gulglielmini") (collectively "Defendants"), through undersigned counsel, file their Answer and Affirmative Defenses to the Amended Complaint [D.E. 54] filed by Plaintiff Marco Alonso ("Plaintiff") and state as follows:

    1.    As this calls for a legal conclusion, no response is necessary. Further, Defendants deny that Plaintiff or any other person is entitled to any relief whatsoever.

    2.    As this calls for a legal conclusion, no response is necessary. Further, Defendants deny that Plaintiff or any other person is entitled to any relief whatsoever.

    3.    Admitted only that Plaintiff has been employed by Ocean CC; the remaining allegations are denied.

    4.    Admitted only that Ocean CC is a Florida limited liability company that owns and operates a restaurant in Miami-Dade County, Florida.

    5.    Denied.

6. As this calls for a legal conclusion, no response is necessary. Further, Defendants deny that Plaintiff or any other person is entitled to any relief whatsoever.

7. As this calls for a legal conclusion, no response is necessary. Further, Defendants deny that Plaintiff or any other person is entitled to any relief whatsoever.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted only that Ocean CC owns and operates a restaurant in Miami-Dade County, Florida. The allegations as to Gulglielmini are denied.

24. Admitted only that Ocean CC employed Plaintiff; the remaining allegations are denied. Furthermore, the allegations as to Gulglielmini are denied.

25. Admitted only that at all material times Ocean CC utilized a valid tip pooling system under the FLSA; the remaining allegations are denied. Furthermore, the allegations as to Gulglielmini are denied.

26. As this calls for a legal conclusion, no response is necessary. Further, Defendants deny that Plaintiff or any other person is entitled to any relief whatsoever.

27. As this calls for a legal conclusion, no response is necessary. Further, Defendants deny that Plaintiff or any other person is entitled to any relief whatsoever.

28. As this calls for a legal conclusion, no response is necessary. Further, Defendants deny that Plaintiff or any other person is entitled to any relief whatsoever.

29. Denied.

30. Denied.

31. Admitted only that at all material times Ocean CC properly utilized the tip credit under the FLSA; the remaining allegations are denied. Furthermore, the allegations as to Gulglielmini are denied.

32. Denied.

33. Admitted only that during Plaintiff's employment with Ocean CC there were weeks when he worked more than 40 hours and he was properly paid overtime by Ocean CC for all hours worked in excess of 40 in a workweek. Furthermore, the allegations as to Gulglielmini are denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Without knowledge; therefore, denied.

## **COUNT I**

39. Defendants incorporate by reference their responses to paragraphs 1-38.

40. Denied.

41. As this calls for a legal conclusion, no response is necessary. Further, Defendants deny that Plaintiff or any other person is entitled to any relief whatsoever.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## **COUNT II**

47. Defendants incorporate by reference their responses to paragraphs 1-38.

48. As this calls for a legal conclusion, no response is necessary. Further, Defendants deny that Plaintiff or any other person is entitled to any relief whatsoever.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## COLLECTIVE ACTION ALLEGATIONS

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. As to the prayers for relief of Plaintiff, Defendants deny Plaintiff or any other person is entitled to any legal, equitable, or other relief whatsoever, including liquidated damages, attorneys' fees, costs and interest.

59. Each and every remaining allegations of the Amended Complaint not specifically admitted or denied is hereby denied.

## STATEMENT OF DEFENSES

Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law.  These defenses may also apply to the claims of some or all of the persons who have opted in to this action, as well as the class of allegedly similarly situated persons.

### FIRST AFFIRMATIVE DEFENSE

Any amounts due to Plaintiff should be set off by payments received by Plaintiff from Ocean CC for periods not compensable under the FLSA.

### SECOND AFFIRMATIVE DEFENSE

The work time that Plaintiff claims was not included in determining his total hours in the workweek for purposes of computing the overtime he alleges is due was negligible in amount and, hence, were *de minimis*.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. § 260, Fair Labor Standards Act ("FLSA"), without admitting that Defendants' acts or omissions giving rise to Plaintiff's action violated the FLSA, Defendants aver that the acts or omissions on its part, if wrong, were committed in good faith and that Defendants had reasonable grounds for believing that such acts or omissions were not a violation of the FLSA.

### FOURTH AFFIRMATIVE DEFENSE

Because Defendants acted in good faith at all times, Plaintiff is not entitled to liquidated damages.

### FIFTH AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. § 259, without admitting that Defendants' acts or omissions giving rise to Plaintiff's action violated the FLSA, Defendants aver that such acts or omissions on its part, if wrong, were committed in good faith, in conformity with, and in reliance on written rulings or enforcement policies of the DOL.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel to the extent he

seeks to contradict his prior express representations of his actual hours worked for Ocean CC.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims is barred in whole or in part by the doctrine of unclean hands to the extent he seeks to contradict his prior express representations of his actual hours worked for Ocean CC.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of avoidable consequences to the extent he seeks to contradict his prior express representations of his actual hours worked for Ocean CC.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. § 254, Plaintiff's claims are barred as to all hours during which they were engaged in certain activities that were preliminary or postliminary to their principal activities.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Gulglielmini are barred because he did not exercise sufficient operational control over Ocean CC or the terms and conditions of Plaintiff's employment and payment of compensation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for collective action are overly broad and unduly vague and do not adequately represent the class alleged in the Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

For some or all of the claims asserted, individual issues of fact or law predominate over common issues.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not an adequate representative of those individuals he purports to represent.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to maintain this lawsuit as a collective action. Plaintiff cannot satisfy the numerosity, commonality, typicality and/or adequate representative standards and/or requirements necessary for this case to proceed as an opt-in class or collective action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged unpaid overtime activities, to the extent they actually existed, were non-compensable by express contract, custom or practice.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants seek a good faith extension of the law, such that Plaintiff's claims are barred in whole or in part based on the principles set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). In this regard, at all times material Defendants exercised reasonable care to prevent and promptly correct any violation of the FLSA, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise. Defendants acted, and continue to act, in conformity with and in reliance on the FLSA and any and all other applicable laws, rules and/or regulations. Based upon Plaintiff's job duties, classification and work performed, Plaintiff received proper compensation from Ocean CC during his employment.

**WHEREFORE**, Defendants respectfully requests the Court enter an order dismissing this action against them, reserving the right to award Defendants, upon motion, their reasonable attorneys' fees and costs in this action, and granting such further relief as it deems just and proper.

Respectfully submitted,

*/s/Patrick E. Gonya, Jr.*
Patrick E. Gonya, Jr.
Florida Bar No. 0100020
CAREY RODRIGUEZ
 O'KEEFE MILIAN GONYA, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone:  (305) 372-7474
Facsimile:  (305) 372-7475

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2015, I electronically filed the foregoing document with the clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 */s/Patrick E. Gonya, Jr.*

## SERVICE LIST

Richard Celler, Esq.
Richard@floridaovertimelawyer.com
Richard Celler Legal, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone:  (954) 344-9243
Facsimile:  (954) 337-2771
***Counsel for Plaintiff***