UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-23869-O'SULLIVAN

[CONSENT]

MARCO ALONSO, on his own behalf
and those similarly situated,

    Plaintiff,

v.

OCEAN CC, LLC, NKS OCEAN, LLC
and DAVIDE GUGLIELMINI,

    Defendants.
_____/

**JOINT MOTION FOR *IN CAMERA* INSPECTION AND APPROVAL
OF CONFIDENTIAL SETTLEMENT AGREEMENTS BETWEEN PLAINTIFFS
AND DEFENDANTS OCEAN CC, LLC AND DAVIDE GUGLIELMINI ONLY**

Plaintiffs Marco Alonso ("Alonso"), John Neilan ("Neilan"), Marina Lazar, Raul Ayala, Nelson Salazar, Luis Garcia, Charles Husey, Alexei Ponomari, Jesus Huatuco, Alex Barros, Jonathan Gonzalez, Carlos Goungian, Fredis Pineda, Kellie Pastore, Alejandro Szewczuk, Julyano Falcon, Camilo Caro, Pablo Cano, Gaetano Giampaolo, David Williams, Ashley Ramon, Stefan Veljko, Courtney Pellicane (collectively referred to at times as "Plaintiffs")[1] and Defendants Ocean CC, LLC ("Ocean CC") and Davide Gulglielmini ("Gulglielmini") (collectively referred to at times as "Defendants") hereby file this Joint Motion for *In Camera* Inspection and Approval of Parties' Confidential Settlement Agreements and state as follows:

---

[1] Opt-In Plaintiff Benjamin Berardi ("Berardi") is not included in this settlement because he has not responded to any communications from Plaintiffs' counsel over the last two (2) months and his current whereabouts are unknown.

1. Plaintiff Alonso initially commenced this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*, ("FLSA") against Defendants for recovery of overtime and minimum wages arising out of the operation of a restaurant and lounge called "Cavalli Club" in Miami Beach, Florida. Thereafter, Plaintiff Neilan commenced a separate action against NKS Ocean, LLC ("NKS") (Case No. 15-CV-22378) for the exact same violations of the FLSA also arising out of the operation of the Cavalli Club, which was consolidated with this action by consent of Defendant NKS, Plaintiffs and Defendants (collectively "Action"). All of the other Plaintiffs joined the Action as opt-in plaintiffs under the FLSA.

2. Defendants have denied Plaintiffs' allegations, disputed the validity of their claims and asserted affirmative defenses in the Action based upon, *inter alia*, proper tip pooling arrangement, 7(i) exemption, arbitration and good faith.[2] In addition, during the course of the Action, the parties exchanged voluminous discovery, including initial disclosures, multiple sets of interrogatories, and document production. Relevant for purposes here, it is important to note that Cavalli Club operated only from December 2013 through August 2015.

3. Without admitting fault or liability, Plaintiffs and Defendants (Ocean CC and Guglielmini only) have amicably resolved all disputed claims in this matter (including attorneys' fees and costs) between them and entered into twenty four (24) separate confidential settlement agreements ("Settlement Agreements"). Because of the nature of Plaintiffs' claims, the Settlement Agreements require Court approval in order to become effective.

4. In this regard, for a release and waiver of claims agreement to be considered effective under the FLSA, it needs to be approved by a Court or supervised by the U.S.

---

[2] On January 8, 2016, the Court entered a default against Defendant NKS [D.E. 131]. This settlement does <u>not</u> include Defendant NKS and Plaintiffs and their counsel intend to proceed with their claims against Defendant NKS in the Action.

Department of Labor. *See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor,* 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."); *see also Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009).

5. A bona fide dispute exists between Plaintiffs and Defendants in this case regarding whether Plaintiffs are entitled to overtime or minimum wages under the FLSA. Plaintiffs contend that they were not properly paid overtime when they worked "off the clock" and/or minimum wage based upon an illegal tip pool during the period of their respective employment from December 2013 through August 2015. Defendants disagree and contend that Plaintiffs were properly paid overtime based upon their pay and time records and minimum wage based upon a proper tip pooling arrangement under the FLSA. In addition, because Cavalli Club has not operated since August 2015 and Gulglielmini resides in Italy, Plaintiffs are concerned with the ability to collect against Defendants.

6. Therefore, to avoid the risks and costs associated with further litigation, the parties have agreed to resolve this dispute. Importantly, throughout the entirety of the resolution process, Plaintiffs were represented by competent counsel with experience in this area of the law. Defendants were also represented by experienced counsel throughout this process. The parties request that the Court approve the Settlement Agreements as fair and reasonable in this case given the nature of the dispute, the legal issues involved and the risks and costs associated with further litigation.

7. A settlement value was reached in this case between the parties, which included and encompassed all claims and attorney's fees and costs. The agreed upon amount of attorneys' fees and costs to Plaintiffs' counsel is for its representation of Plaintiffs through conclusion of this partial settlement, separate from and without regard to the amount paid to settle the FLSA claims for each Plaintiff. Counsel for the parties represent that the exact amount of attorneys' fees and costs were negotiated separate and apart from the settlement amount to be given to each Plaintiff under the Settlement Agreements, only after the parties agreed upon an amount to be paid to each Plaintiff. Defendants and their counsel stipulate to the reasonableness of the lodestar amount of attorneys' fees and costs sought by Plaintiffs' counsel in this case. Plaintiffs' counsel submits that the amount of the settlement proceeds that it will receive under the terms of the Settlement Agreements will be applied to its litigation costs and attorneys' fees. Accordingly, the parties respectfully request that the Court approve the payment of the agreed upon amount for attorney's fees and cost set forth in the Settlement Agreements to Plaintiffs' counsel.

8. Because the Settlement Agreements require confidentiality, the parties do not wish to file them with the Court and thereby make them a part of the Court file. Accordingly, the parties request permission to deliver a copy of the Settlement Agreements to the Court an *in camera* review. Assuming they meet with the Court's approval, the parties request entry of an Order approving the Settlement Agreements and dismissal of Plaintiffs' claims against Defendants only with prejudice, with each party to bear their own attorneys' fees and costs.[3] Following *in camera* review, the copy of the Settlement Agreements provided to the Court may be destroyed or returned to the parties.

---

[3] With respect to Berardi, the parties request that his claims against Defendants only be dismissed without prejudice.

**WHEREFORE**, the parties jointly request an in camera review of the confidential Settlement Agreements, approval of the Settlement Agreements and the entry of an Order dismissing Plaintiffs' claims against Defendants only with prejudice, each party to bear their own attorneys' fees and costs.

Dated: August 2, 2016

| | |
|---|---|
| **s/ Richard Celler** | **s/ Patrick E. Gonya, Jr.** |
| Richard Celler (FBN: 0173370) | Patrick E. Gonya, Jr. (FBN: 100020) |
| E-mail: richard@floridaovertimelawyer.com | E-mail: pgonya@careyrodriguez.com |
| RICHARD CELLER LEGAL, P.A. | CAREY RODRIGUEZ MILIAN GONYA, LLP |
| 7450 Griffin Road, Suite 230 | 1395 Brickell Avenue, Suite 700 |
| Davie, Florida 33314 | Miami, Florida 33131 |
| Telephone: (866) 344-9243 Ext. 104 | Telephone: (305) 356-5478 |
| Facsimile: (954) 337-2771 | Facsimile: (305) 372-7475 |
| *Attorney for Plaintiffs* | *Attorney for Defendants* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 2, 2016, I electronically filed the foregoing document with the clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Patrick E. Gonya, Jr.

**SERVICE LIST**

Richard Celler, Esq.
Richard@floridaovertimelawyer.com
Richard Celler Legal, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone:  (954) 344-9243
Facsimile:  (954) 337-2771

*Counsel for Plaintiffs*